IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **1:06CV1116LG-JMR** |
| | § | **1:04CR74LG-JMR** |
| | § | |
| **ROBERT LABRON JOHNSON** | § | |

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255

BEFORE THE COURT is the Motion of the Defendant, Robert Labron Johnson, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255 ("§ 2255 Motion"). Defendant seeks to set aside his May 20, 2005, Judgment of Conviction for possession with intent to distribute a controlled substance. After consideration of Defendant's Motion, pleadings and records on file, and the relevant legal authority, the Court finds that said Motion is barred by the applicable one-year statute of limitations and should be summarily dismissed pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS ("§ 2255 Rules")[1].

---

[1] The Court has the authority to consider affirmative defenses, including the statute of limitations, sua sponte, pursuant to Rule 4 of the § 2255 Rules. *See Smith v. Johnson,* 247 F.3d 240, (5th Cir. 2001); *Kiser v. Johnson,* 163 F.3d 326, 328-29 (5th Cir. 1999).

FACTS AND PROCEDURAL HISTORY

On July 14, 2004, Robert Labron Johnson was named in an indictment charging conspiracy[2] and possession with intent to distribute a controlled substance.[3] On March 9, 2005, Defendant entered into a written plea agreement with the Government. Pursuant to the plea agreement, Defendant entered a plea of guilty to one count of possession with intent to distribute a controlled substance. On May 17, 2005, the Court sentenced Defendant to 120 months imprisonment for the possession offense. In addition, Defendant was sentenced to a five year term of supervised release and a mandatory special assessment. The Judgment of Conviction was executed and filed on May 20, 2005. The Defendant did not appeal.[4]

On October 17, 2006, the Clerk of Court received a Motion to Reduce and/or Modify Sentence, which is construed as an attempt by the Defendant to prepare a § 2255 motion. Pursuant to the order entered on October 18, 2006, the Clerk furnished Defendant with the proper § 2255 form. Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on November 7, 2006. In his Motion, Defendant raises a claim that based on his prior criminal history, specifically the three prior convictions contained in ¶¶ 42, 43, and 44, his sentence was improperly calculated.

---

[2] 21 U.S.C. § 846.

[3] 21 U.S.C. § 841(A).

[4] Pursuant to the written plea agreement, Defendant waived his right of appeal and his right to contest his conviction and sentence through post-conviction collateral attack. *See* Memorandum of Understanding, ¶ 15.

DISCUSSION

Title 28, United States Code, Section 2255 provides in part:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255.

As noted above, Defendant was sentenced on May 17, 2005.  His Judgment of Conviction was signed and filed on May 20, 2005.  Consequently, Defendant would have had until May 20, 2006, to file a § 2255 motion.  Defendant's Motion was received by the Clerk of Court on November 7, 2006.

The Fifth Circuit has held that § 2255's one year statute on limitations can be equitably tolled.  *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999).  However, equitable tolling should only apply in "rare and exceptional circumstances." *See Brooks v. Quarterman.* 2006 WL 2986021, *1 (5th Cir. 2006); *Davis v. Johnson,* 258 F.3d 806, 810 (5th Cir. 1998).  "Neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 391 (5th Cir. 1999)(quoting *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)).  Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.

*Fisher*, 174 F.3d at 714. Defendant does not allege, neither has he provided any evidence to establish that the statute of limitations should be tolled. As noted above Defendant did file a motion which could be liberally construed as a motion intended to aid in the filing of a § 2255 Motion. However, there is no statutory authority or case law which supports the proposition that pleadings filed in advance of a § 2255 motion and which are intended to aid in the bringing of a § 2255 claim tolls the one year statute of limitation. Even if such a claim were permitted it would avail the Defendant nothing since the earliest motion, arguably in support of his § 2255 claim, was filed on October 17, 2006.

## NEED FOR AN EVIDENTIARY HEARING

When, as here, a movant for relief under Title 28, United States Code, Section 2255, has presented claims that are either contrary to law or plainly refuted by the record, an evidentiary hearing is not necessary. *Wiley v. Puckett,* 969 F.2d 86, 98 (5th Cir. 1992); *U.S. v. Green,* 882 F.2d 999, 1008 (5th Cir. 1989); *U.S. v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986); *U.S. v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985). Accordingly, Defendant's claim in this case does not merit an evidentiary hearing.

## CONCLUSION

It plainly appears from the face of Defendant's § 2255 Motion and the prior proceedings in the case that the Defendant's § 2255 Motion is barred by the one-year statute of limitations. Consequently, Defendant is not entitled to relief in the district court. Accordingly,

**IT IS ORDERED AND ADJUDGED** that the Motion of the Defendant, Robert Labron Johnson, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to

28 U.S.C. § 2255, filed November 7, 2006, should be and is hereby **SUMMARILY DISMISSED** pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS ("§ 2255 Rules").

**SO ORDERED AND ADJUDGED** this the 8th day of November, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE